### LORAIN TIMES-HERALD CO v DEL BOCCIO, Admr, etc

Ohio Appeals, 9th Dist, Lorain Co

No 650. Decided May 19, 1933

H. C. Cheney, Elyria, for plaintiff in error.
Joseph A. Provenza and Taylor & Hasselman, Cleveland, for defendant in error.

## OPINION

By STEVENS, J.

There is no evidence in the record warranting a recovery except it be for pain and suffering.

Two questions are presented by the record in this case:

1. Can there be recovery for pain and suffering if the injured person dies of his injury without regaining consciousness?

2. Was the operator of the automobile by which decedent was injured, at said time acting as the agent of defendant, or as an independent contractor?

The medical testimony in the instant case shows decedent to have been unconscious from the time of his injury until his death, and our examination of the record convinces us that there is no testimony indicating that any time after decedent's injuries he suffered any conscious pain.

The question of the right of a personal representative to recover for pain and suffering under such circumstances has been passed upon by the Supreme Court of the United States in the case of New Orleans & N. E. R. R. Co. v Harris, Admr., 247 U. S. 367, as follows (fourth paragraph of the syllabus):

"Under the federal act (Federal Employers' Liability Act) there is no cause of action for pain and suffering if the employee die of his injuries without regaining consciousness."

The court, in its opinion by Mr. Justice McReynolds, said, at page 372:

"Since the deceased endured no conscious suffering he had no right of action."

Counsel for plaintiff has relied principally upon Langenstein v Reynaud, 127 So. 764, and Crisman et v Shreveport Belt Ry. Co., 110 La. 640, to substantiate his claim of right to recovery in the instant case.

A careful reading of the courts' opinions in these cases indicates that there was some evidence of consciousness of the injured person, subsequent to his injury, in each case, and accordingly these cases are not controlling authority for the claim which plaintiff urges.

In the absence of any decisions in Ohio upon the question, we adopt the statement of the law in Ry. Co. v Harris, supra, and hold that one cannot experience actionable pain and suffering while unconscious, and that in the instant case the trial court should have sustained defendant's motion for a directed verdict at the conclusion of plaintiff's evidence.

Having arrived at this conclusion, it becomes unnecessary to pass upon the second question hereinabove set out.

There being no dispute in the evidence concerning decedent's unconsciousness from the time of his injury to the time of his death, this court now proceeds to render the judgment which the trial court should have rendered.

Judgment reversed, and final judgment rendered in favor of defendant.

WASHBURN, PJ, and FUNK, J, concur in judgment.