CASE, ADMX., APPELLANT, *v.* NORFOLK AND WESTERN RAILWAY COMPANY, APPELLEE; ROBINSON, ADMR., APPELLANT.

CASE, ADMR., APPELLANT, *v.* ROBINSON, ADMR., APPELLANT; NORFOLK AND WESTERN RAILWAY COMPANY, APPELLEE.

(No. S-87-43—Decided September 16, 1988.)

*Jeffrey R. Gaither* and *Joseph W. O'Neil,* for plaintiffs-appellants.

*Gregory L. Arnold, Mark Robinson* and *George V. Sauter,* for defendant-appellant.

*Jack Zouhary,* for appellee Norfolk and Western Ry. Co.

*Per Curiam.* The cause of action before this court on appeal arises from a grade crossing collision between a train operated by the Norfolk & Western Railway Company ("railroad") and an automobile on the evening of December 22, 1984. The driver of the automobile, Kathy Ann Keller ("Keller"), and her passengers, Melanie D. Hay, Timothy R. Keller and Chad Keller, were killed as a result of the collision.

No conflict exists between the parties as to certain facts of the case *sub judice.* The collision took place on State Route 101 which runs north to south in an area of open country. That road is intersected at a ninety-degree angle by a double train track running east-west. On the night in question, Keller was traveling south on State Route 101. At approximately 6:30 p.m., she stopped at the railroad crossing to wait for an eastbound train on the south set of tracks to pass. The crossing has automatically controlled flashers, which were operating at the time. In addition, standard reflectorized crossbucks containing signs which read "two tracks" are located about fifteen feet from the tracks on either side and an advance warning disc is located six hundred sixty-five feet from the tracks on the northern approach. After the eastbound train had passed, and with the automatic flashers still operating, Keller advanced her 1978 Volare onto the northernmost set of railroad tracks. The automobile was immediately struck by a westbound train and dragged one-half to three-quarters of a mile. The

driver and her passengers were killed "instantly."

As a result of the collision several suits were filed. A wrongful death and survivorship action was filed by Mildred G. Case as administratrix of passenger Melanie Hay's estate against the estate of Kathy A. Keller and the railroad. A wrongful death and survivorship action was filed as a cross-claim against the railroad by Mark Robinson, administrator of the estate of Kathy A. Keller. Finally, a wrongful death and survivorship action was instituted by Jesse L. Case, administrator of the estates of Chad and Timothy Keller, against the estate of Kathy A. Keller and the railroad. These three cases were subsequently consolidated by the trial court.

On August 17, 1987, the Sandusky County Court of Common Pleas granted the railroad's motion for summary judgment against all three plaintiffs. From this judgment, plaintiffs-appellants bring the instant appeal.

The estate of Kathy A. Keller ("Keller estate") asserts as its assignments of error:

"1. The trial court erred when it granted defendant-appellee Norfolk and Western Railway Company's motion for summary judgment on the wrongful death and survivorship claims of cross-claimant/appellant because substantial questions of fact existed as to the negligence of the railroad.

"2. The trial court erred in granting summary judgment for defendant on cross-claimant's claims for survivorship, conscious pain and suffering and punitive damages when such issues present proper questions for jury determination."

The estates of Melanie Hay and Chad and Timothy Keller ("passengers") assign as sole error:

"The trial court erred in granting the defendant-appellee's motion for summary judgment."

For ease and clarity of discussion, the claims of the Keller estate and those of the estates of the passengers will be discussed separately.

Appellant Keller estate first claims that the trial court erred by entering summary judgment in favor of the railroad in its claim of wrongful death. We agree.

We note at the outset that the trial court failed to set forth any basis for its decision. Accordingly, this court has no alternative but to accept the issues delineated by the parties to this appeal as those considered by the court below in reaching its judgment. In doing such, we conclude that the trial court improperly found that no genuine issue existed as to any material fact. We further find that the trial court failed to consider the requisites of R.C. 2315.19, the Ohio comparative negligence statute.

Summary judgment cannot be granted unless reasonable minds, after viewing all the evidence presented in a light most favorable to the nonmoving party, could reach but one conclusion and that conclusion is adverse to the party opposing the motion for summary judgment. Civ. R. 56(C). See, also, *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 8 O.O. 3d 73, 375 N.E. 2d 46. Before summary judgment can be granted, no issue as to any material fact can exist. *Id.* After the proponent of summary judgment presents evidence, *i.e.,* pleadings, affidavits, and transcripts, which shows that there is no issue as to any material fact, the opponent to the motion must set forth specific facts showing affirmatively that a factual dispute does, in reality, exist. Civ. R. 56(E). See, also, *Keister* v. *Park Centre Lanes* (1981), 3 Ohio App. 3d 19, 3 OBR 20, 443 N.E. 2d 532.

In the present case, the record

reveals that appellee offered several affidavits and depositions, a police report, and photographs on the issue of both the negligence of Keller in driving her automobile onto the grade crossing and the lack of any negligence on the part of the railroad in causing this collision. Appellant countered appellee's showing with its own affidavits, photographs, and the affidavit report of an "expert witness."[1]

The trial court apparently decided that Keller was negligent *per se* as a matter of law, thereby removing any determinative issues from the province of the jury. Nevertheless, a careful review of this record indicates that the trial court erroneously granted summary judgment as a matter of law on two bases. First, the court failed to realize that the Keller estate established that several facts on the issue of the railroad's alleged negligence in the case at bar were in dispute. These facts concern whether the train was visible (discernible) just prior to collision, whether the speed of the train was reasonable once peril was sighted on the tracks, whether the engineer rang the bell and sounded the whistle as required by statute,[2] and whether the safety precautions provided by the railroad at this particular crossing were effective and sufficient to protect the public. Furthermore, a genuine issue of fact then exists as to whether reasonable minds could only conclude that Keller's negligence exceeded that of the railroad.

Appellee railroad relies upon the fact that Keller had a duty to stop, look and listen before crossing the railroad tracks. *Boles* v. *Baltimore & Ohio RR. Co.* (1959), 168 Ohio St. 551, 7 O.O. 2d 427, 156 N.E. 2d 735. The railroad further argues that Keller was negligent *per se* because she violated R.C. 4511.62(A), which states, in pertinent part, that:

"(A) Whenever any person driving a vehicle or trackless trolley approaches a railroad grade crossing under any of the circumstances stated in this section, he shall stop within fifty feet but not less than fifteen feet from the nearest rail of the railroad, and shall not proceed until he can do so safely. The foregoing requirements shall apply when:

"(1) A clearly visible electric or mechanical signal device gives warning of the immediate approach of a train[.]"

Hence, when the automatic flashers are operating at a grade crossing, the driver of a vehicle has the duty to stop and proceed only when he or

---

[1] Appellee argues that the affidavit of Robert Mitchell is inadmissible evidence under Civ. R. 56(C). However, where an affidavit containing opinions of a witness is part of a motion for summary judgment, such testimony is not subject to *per se* exclusion. *Tomlinson* v. *Cincinnati* (1983), 4 Ohio St. 3d 66, 68, 4 OBR 155, 156, 446 N.E. 2d 454, 457. If the affidavit complies with Civ. R. 56(E) and the rules of evidence governing witness opinions, the affidavit may be considered in determining the motion. *Id.* The opinions of Mitchell were based upon personal knowledge and upon facts shown by other evidence, *i.e.*, depositions, affidavits, police report, etc. *Kraner* v. *Coastal Tank Lines, Inc.* (1971), 26 Ohio St. 2d 59, 60, 55 O.O. 2d 7, 8, 269 N.E. 2d 43, 45. Therefore, the affidavit could be considered as part of the evidence in opposition to the motion for summary judgment.

[2] The issue is not so much whether the bell and whistle were sounded but rather their effectiveness under the circumstances at this specific grade crossing. See, generally, 79 Ohio Jurisprudence 3d (1987) 529-531, Railroads, Section 349. Moreover, under these circumstances, negative testimony from witnesses in a position to see and hear is admissible to determine this issue. *Hensler* v. *B. & O. RR. Co.* (1973), 39 Ohio App. 2d 146, 150-151, 68 O.O. 2d 346, 350, 316 N.E. 2d 911, 916.

she can safely do so. In this instance, Keller had stopped the automobile an estimated thirty feet from the crossing to wait for the eastbound train to pass. However, she attempted to cross over the tracks while the electric flashers were still signaling the presence of a train. Thus, under a strict interpretation of the statute, Kathy Keller violated R.C. 4511.62(A)(1). Nevertheless, appellant argues that under the conditions existing at this specific grade crossing it is foreseeable that vehicle operators would proceed after one train had passed in spite of the flashing signals. The testimony of the train crew working on the night of the collision substantiates this contention. The affidavit of witness Kay Dick also states that she, too, would have attempted to traverse the tracks had her automobile started on the first try. The sworn statements of Lisa Brill and Dick create several questions of fact for the trier of fact, to wit: If Dick believed that she could proceed safely, *i.e.,* she did not see a train or hear a whistle or bell until the train appeared fifty feet from Kathy Keller's car, could Kathy Keller also have held the same belief? If Lisa Brill heard a train whistle but thought it was the whistle of the eastbound train and did not see the westbound train until it was fifty feet from the crossing, could Keller have experienced the same perceptions? If so, was the defendant-appellee negligent in not placing extra safety precautions at this particular grade crossing?

Such evidence creates a question of fact as to the railroad's negligence in causing the wrongful death of Keller. Appellee has a duty of ordinary care to protect the safety of motorists. *Matkovich* v. *Penn Central Transp. Co.* (1982), 69 Ohio St. 2d 210, 215, 23 O.O. 3d 224, 227, 431 N.E. 2d 652, 656. Appellant, Keller estate, has raised questions of fact as to whether appellee railroad breached that duty of care and

if that failure was a contributory cause of Keller's death. Resolution of this question of whether the appellee's negligence in this instance was the proximate cause of appellant's death is a question of fact for the trier of fact. *Hitchens* v. *Hahn* (1985), 17 Ohio St. 3d 212, 214, 17 OBR 447, 449, 478 N.E. 2d 797, 799; *Keister, supra; Powell* v. *Consolidated Rail Corp.* (1986), 31 Ohio App. 3d 219, 221, 31 OBR 501, 504, 510 N.E. 2d 818, 822.

This brings us to the second error committed by the court below in granting summary judgment. Assuming that decedent was negligent *per se* by violating R.C. 4511.62(A)(1), her contributory negligence does not bar recovery by her estate in a jurisdiction adhering to the principles of comparative negligence. R.C. 2315.19(A)(2). The fact that an injured party is found to be negligent *per se* is merely part of the trial court's determination pursuant to R.C. 2315.19(A)(2). *Hitchens, supra,* at 214, 17 OBR at 449, 478 N.E. 2d at 799. See, also, *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100, 6 OBR 162, 451 N.E. 2d 1185. Under a comparative negligence statute, the totality of the *causal* negligence must be examined and is a question to be submitted to the jury whose duty it is to apportion negligence. *Anderson* v. *Ceccardi* (1983), 6 Ohio St. 3d 110, 115, 6 OBR 170, 174, 451 N.E. 2d 780, 786. Negligence *per se* is not necessarily liability *per se. Hitchens, supra,* at 214, 17 OBR at 449, 478 N.E. 2d at 799.

Therefore, we hold that appellant set forth specific operative facts which could create in the mind of the trier of fact a question of whether the railroad breached its duty of ordinary care to provide adequate safety precautions at this grade crossing. There were substantial differences adduced from the evidence offered by the parties on the issues of whether the train sounded its statutorily required bell and whis-

tle,[3] whether the train was traveling at a reasonable speed once peril was detected on the tracks,[4] and whether the train was visible.[5] Cf. *Powell, supra* (evidence considered as part of motion for summary judgment showed that decedent's exercise of ordinary care in looking and listening would have avoided the collision). Appellant asserts that the only means to have prevented this collision and its horrible consequences would have been the existence of crossing gates at the intersection of State Route 101 and this particular grade crossing. This is also a matter for the jury to resolve based upon evidence presented at trial. Therefore, we hold that R.C. 2315.19 does not bar the Keller estate from any recovery without factoring in the evidence at trial relating to the proximate cause or causes of her death and the appropriate apportionment of liability between the railroad and the driver of the automobile. Accordingly, we conclude that reasonable minds could reach different conclusions on the issues of the railroad's negligence and appellant Keller estate's first assignment of error is found well-taken.

We also find that the trial court should not have granted summary judgment on appellant's cause of action premised on R.C. 2305.21.

A cause of action for personal injury survives the demise of the injured party. *Lewis* v. *St. Bernard* (1952), 157 Ohio St. 549, 48 O.O. 462, 108 N.E. 2d 293. Nonetheless, recovery is limited to any damages which the deceased might have recovered had he or she lived. *Allen* v. *Burdette* (1942), 139 Ohio St. 208, 211, 22 O.O. 209, 212, 39 N.E. 2d 153, 156. These include damages for any *conscious* pain and suffering from the time of injury until death and any damage to property occurring concurrent to the bodily injury. *Lorain Times-Herald Co.* v. *Del Boccio* (App. 1933), 15 Ohio Law Abs. 735. See, also, *Flory* v. *New York Central RR. Co.* (1959), 170 Ohio St. 185, 189, 10 O.O. 2d 126, 129, 163 N.E. 2d 902, 907.

In the present action, the record indicates that Keller died instantly. No evidence has been produced to show that she was conscious at any time after the collision. Our research discloses no Ohio cases permitting a cause to proceed, as argued by appellant, under R.C. 2305.21 for "pre-impact terror." Moreover, Keller did not own the vehicle involved in this accident. However, appellant has alleged "damage," presumably involving the personal effects of the decedent and a "basket of laundry." If, after apportioning negligence pursuant to R.C. 2315.19, a jury would find that the negligence of defendant-appellee exceeded that of Keller, the trier of fact could permissibly award damages for loss of personal property. See, *e.g.*, *Ray* v. *Engard* (Nov. 22, 1985), Lucas

---

[3] See footnote 2.

[4] An engineer owes a duty of ordinary care to prevent injury to persons on a track when it becomes evident that they will not or cannot get off the track. *New York, Chicago & St. Louis RR. Co.* v. *Kistler* (1902), 66 Ohio St. 326, 64 N.E. 130. Ordinary care in this instance requires more than a warning; the engineer must attempt to stop or slacken the speed of the train. *Lindahl, infra.* The evidence presented in the record of the case at bar creates an issue of fact as to whether the procedures followed by Engineer Stidham were sufficient.

[5] Discernibility of an object, especially at nighttime, is a jury question where evidence of discernibility is sufficient to make reasonable persons disagree. *Sharp, infra; Junge* v. *Brothers* (1985), 16 Ohio St. 3d 1, 4, 16 OBR 254, 256, 475 N.E. 2d 477, 480; *Blair* v. *Goff-Kirby Co.* (1976), 49 Ohio St. 2d 5, 9, 3 O.O. 3d 4, 8, 358 N.E. 2d 634, 640.

App. No. L-85-051, unreported (award of $50). See, generally, 30 Ohio Jurisprudence 3d (1981) 72-73, Damages, Section 73.

Appellant further contends that the estate is entitled to pursue its claim of punitive damages. Punitive damages are not available in a wrongful death action. *Rubeck* v. *Huffman* (1978), 54 Ohio St. 2d 20, 23-24, 8 O.O. 3d 11, 14, 374 N.E. 2d 411, 415; *Ray, supra.* Nevertheless, punitive damages are claimable in a survivorship action if the claimant can prove that the pain and suffering and property loss of the decedent were caused by " 'intentional, reckless, wanton, willful, gross acts' " of a defendant or if malice can be " 'inferred from conduct and the surrounding circumstances.' " *Rubeck, supra,* at 23, 8 O.O. 3d at 14, 374 N.E. 2d at 415, quoting *Columbus Finance, Inc.* v. *Howard* (1975), 42 Ohio St. 2d 178, 184, 71 O.O. 2d 174, 180, 327 N.E. 2d 654, 661.

Wanton misconduct is determined by a two-part test set forth in *Matkovich, supra,* at 212, 23 O.O. 3d at 226, 431 N.E. 2d at 654:

"The test for determining wanton misconduct was defined in *Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114. As stated by the Court of Appeals in the instant case, *Hawkins* created a two-part test for wanton misconduct. First, there is a failure to exercise any care whatsoever by those who owe a duty of care to the appellant. Secondly, this failure occurs under circumstances in which there is great probability that harm will result from the lack of care. * * *"

Under the facts presented in the case *sub judice,* a jury question is created as to whether appellee breached its duty of ordinary care to protect the public at this railroad crossing and if that failure occurred under circumstances in which a great probability of harm would exist. See *Sharp* v. *Norfolk & Western Ry. Co.* (1988), 36 Ohio St. 3d 172, 522 N.E. 2d 528 (conflicting evidence on the reasonable discernibility of an object creates a question of fact for the jury to determine). See, also, *Osler* v. *Lorain* (1986), 28 Ohio St. 3d 345, 350, 28 OBR 410, 415, 504 N.E. 2d 19, 25 (alleged wanton/willful misconduct of automobile driver is a jury question). Thus, reasonable minds could reach different conclusions as to whether extrastatutory warnings are required at the situs of the train-automobile collision; therefore, they could further find that the lack of such warnings constituted wanton misconduct on the part of the railroad.[6] Accordingly, appellant's second assignment of error is found well-taken.

Appellants, the passengers, assert that the trial court erred in granting summary judgment. For those reasons stated previously and for the following additional reason, we concur.

The law of Ohio is clear in stating that the negligence of the driver of a motor vehicle cannot be imputed to his passenger(s). *Shinaver* v. *Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477, paragraph two of the syllabus; *Myers* v. *Norfolk & Western Ry. Co.* (1930), 122 Ohio St. 557, 172 N.E. 666; *Pennsylvania Rd. Co.* v. *Lindahl* (1924), 111 Ohio St. 502, 146 N.E. 71; *Toledo Rys. & Light Co.* v. *Mayers* (1916), 93 Ohio St. 304, 112 N.E. 1014. Thus, any negligence on the part of Keller in entering onto the railway crossing cannot be imputed to Melanie Hay or to Chad and Timothy Keller. Hence, any contributory negligence of

---

[6] Even if the jury would find that property damage should be awarded under R.C. 2305.21, a minimal award would not support an award of punitive damages. *Ray, supra.*

the decedent does not bar or affect recovery by the passengers. *Shinaver, supra,* at 55, 14 OBR at 449, 471 N.E. 2d at 482. Because this court has found that a sufficient degree of evidence concerning the alleged negligence of Norfolk & Western Railway Company in causing this collision has been produced to effect a genuine issue of material fact, their action should be heard and adjudged by a jury. Accordingly, appellants' sole assignment of error is with merit and is found well-taken.

Upon consideration whereof, this court finds that substantial justice has not been done the parties complaining. The judgment of the Sandusky County Court of Common Pleas is reversed. This case is remanded to that court for further proceedings not inconsistent with this decision. Costs of this appeal assessed against appellee, Norfolk & Western Railway Company.

*Judgment reversed and cause remanded.*

A. R. RESNICK, P.J., CONNORS and GLASSER, JJ., concur.