LAIL, APPELLANT, *v.* MADISONVILLE
CHILD CARE PROJECT, INC.,
APPELLEE.

(No. C-880516—Decided
November 8, 1989.)

*Tobias & Kraus, Paul H. Tobias*
and *David Torchia,* for appellant.
*Rendigs, Fry, Kiely & Dennis,
Lawrence E. Barbiere* and *Emmett R.
Moore,* for appellee.

*Per Curiam.* Defendant-appellee
Madisonville Child Care Project, Inc.
("MCCP") is a nonprofit child care
center which is regulated by the state
of Ohio and the city of Cincinnati.
Plaintiff-appellant Gwendolyn Lail was
hired in February 1985, by MCCP's ex-
ecutive director, Wilma Chambers, to
work as the lead teacher in a class of
two-and-one-half-year-old children. At
the time she hired appellant, Chambers
reviewed the Personnel Policy and
Procedures manual with her.

On March 17, 1986, two-and-one-
half-year-old Marco Hunter was en-
rolled at MCCP and assigned to ap-
pellant's classroom. During his first
two days at MCCP, Marco cried a
great deal. On March 19, 1986, an
employee of MCCP advised Chambers
that she was needed in appellant's
classroom. On her way to the class-
room, Chambers was told that ap-
pellant had struck Marco. When
Chambers entered appellant's class-
room, she saw Marco crying hysterical-
ly. Chambers removed Marco from the
classroom. At that point she noticed a
hand-mark on Marco's face. Upon be-
ing questioned, Marco stated, and
demonstrated, that appellant put her
hand over his mouth and shook him.
When Chambers confronted appellant
with Marco's story, appellant denied

abusing Marco, but offered no further explanation. In light of all the evidence, Chambers was not satisfied that appellant was being truthful. At that point, appellant was terminated. Later, a teaching assistant assigned to appellant's classroom confirmed that appellant had abused Marco by putting her hand over his mouth, shaking him and telling him to "shut-up." Chambers subsequently reported the incident to Marco's mother and to the Ohio Department of Human Services. Both city and state regulations prohibit any physical discipline of children in day-care centers.

Appellant filed the instant complaint alleging defamation, breach of an employment contract and promissory estoppel. MCCP filed a motion for summary judgment, which the trial court granted. Appellant timely appealed.

Appellant's sole assignment of error alleges the trial court erred in granting MCCP's motion for summary judgment. Appellant alleges that the personnel manual constitutes a contract, between appellant and MCCP, which provides that she could be fired only for just cause. Appellant argues the MCCP breached the employment contract because (1) appellant was not progressively disciplined as the manual requires, and (2) appellant was not fired for just cause. Appellant argues, in support of her claim of promissory estoppel, that she relied to her detriment on assurances of fair treatment and progressive discipline as set forth in the personnel manual.

It is clear from the depositions of both appellant and Wilma Chambers[1] that appellant must be classified as an employee at will. Appellant admitted in her deposition that she had no written contract of employment. Appellant stated that she was not promised that she would be employed for any specific period of time. Further, the personnel manual does not limit MCCP's right to terminate appellant for any reason. In fact, the manual provides:

"IX.  TERMINATION OF SERVICE

"A.  Reasons for Termination

"Reasons for dismissal may include, but are not limited to the following:

"* * *

"5.  Striking or abusing a child[.]"

Assuming, for purposes of argument, that the personnel manual constitutes an implied contract of employment limiting MCCP's right to terminate appellant at will, the manual specifically states that hitting or abusing a child is grounds for termination of service.

Further, there is no evidence in the record that MCCP made any promises as to tenure, protection against discharge for just cause, or job security, in order to induce appellant to remain an employee, upon which she relied to her detriment. Appellant stated in her deposition that she began to seek other employment after only two weeks at MCCP. In short, the record contains nothing to support appellant's claims for breach of contract or promissory estoppel. Therefore, the trial court correctly granted summary judgment on those claims.

We now turn to appellant's claim for defamation. In support of her claim, appellant points to alleged communications by Chambers to appellant's coworkers; however, there is no evidence that Chambers ever com-

---

[1] An unsigned copy of the deposition of Wilma Chambers was filed in support of MCCP's motion for summary judgment. Although defective in form, the defect is waived because appellant did not move to suppress the deposition. Civ. R. 32(D)(4); Cooley v. Bd. of Edn., Deer Park Community Schools (Apr. 9, 1986), Hamilton App. No. C-850350, unreported.

municated the reason for appellant's termination to her coworkers. Appellant also relies on reports of the incident which Chambers made to Marco's mother, to the president of MCCP's board of directors and to the Ohio Department of Human Services.

R.C. 2151.421 provides in pertinent part:

"(A)(1) * * * No administrator or employee of a child day-care center, administrator or employee of a certified child care agency or other public or private children services agency * * *, who is acting in his official or professional capacity and knows or suspects that a child under eighteen years of age or a physically or mentally handicapped child under twenty-one years of age has suffered any wound, injury, disability, or condition of a nature that reasonably indicates abuse or neglect of the child, shall recklessly fail immediately to report or cause reports to be made of that knowledge or suspicion to the children services board, the county department of human services exercising the children services function, or a municipal or county peace officer in the county in which the child resides or in which the abuse or neglect is occurring or has occurred.

"* * *

"(G) Anyone or any hospital, institution, school, health department, or agency participating in the making of reports under this section, or anyone participating in a judicial proceeding resulting from the reports, shall be immune from any civil or criminal liability that otherwise might be incurred or imposed as a result of such actions. * * *"

The physical evidence, coupled with the reports of other employees, and the child's own story gave Chambers ample reason to suspect that appellant had abused Marco. Pursuant to R.C. 2151.421, Chambers was required to report the suspected abuse to the Department of Human Services. MCCP is immune from any civil liability which might be incurred as a result of Chambers' report by the express provisions of R.C. 2151.421(G).

In addition, Chambers enjoyed at least a qualified privilege as to her statements to the president of MCCP's board of directors and Marco's mother. The statement to the president of MCCP's board of directors was made concerning the activities of appellant arising out of her employment with MCCP. As such, the statement would be afforded a qualified privilege concerning matters of common business interest between the parties. *Evely* v. *Carlon Co.* (1983), 4 Ohio St. 3d 163, 4 OBR 404, 447 N.E. 2d 1290. The statement made to Marco's mother was clearly made to protect or further a common interest. *Hahn* v. *Kotten* (1975), 43 Ohio St. 2d 237, 72 O.O. 2d 134, 331 N.E. 2d 713. Therefore, appellant must show that the statements were published with actual malice. *Evely* v. *Carlon Co., supra; Hahn* v. *Kotten, supra.*

The record is devoid of evidence of actual malice on the part of MCCP in publishing the statements. On the contrary, the record reveals that Chambers acted properly and reasonably under the circumstances. There being no genuine issue of material fact as to any actual malice on the part of MCCP, the trial court correctly granted MCCP's motion for summary judgment on appellant's defamation claim.

Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.