SMITH et al., Appellants,

v.

**CINCINNATI GAS and ELECTRIC COMPANY, Appellee.**

[Cite as *Smith v. Cincinnati Gas & Elec. Co.* (1991), 75 Ohio App.3d 567.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900496.

Decided Aug. 14, 1991.

*O'Connor, Acciani & Associates* and *Michael P. O'Connor,* for appellants.

*Holbrook & Poston* and *Kent Seifried,* for appellee.

*Per Curiam.*

Plaintiffs-appellants James and Rhonda Smith ("Smith") appeal from the trial court's order granting summary judgment in favor of defendant-appellee Cincinnati Gas & Electric Co. ("CG & E") on Smith's claim for personal injuries sustained in a gas explosion on his employer's premises. Smith's single assignment of error challenges the trial court's order granting summary judgment, contending (1) that genuine issues of material fact existed as to liability, and (2) that, after the case had been set for trial, summary judgment was inappropriate without express leave of the trial court. Smith's assignment of error is well taken as to the first issue.

James Smith was a dishwasher at Gibby's Restaurant in downtown Cincinnati. The depositions and affidavits filed by Smith disclosed that shortly before 11:00 p.m., while the restaurant was closed and Smith was cleaning the kitchen, Smith's arm hit a gas pipe behind a stove, breaking it off and allowing gas to escape. He informed his supervisor, Betty Gottesman, and when together they were unable to shut off the gas, Gottesman telephoned

CG & E's emergency dispatcher at 11:00 p.m. and reported the emergency.[1] The dispatcher informed Gottesman that CG & E would respond from its Dana Avenue location. Fifteen minutes later, the owner of Gibby's arrived. Because CG & E had not yet arrived, Gottesman, at her employer's request, called the fire department and CG & E again. The CG & E dispatcher again assured Gottesman that CG & E was responding. During this time, Smith remained alone in the kitchen, holding the broken gas pipe together in an effort to control the escape of gas. As the fire department arrived at 12:00 a.m., an explosion occurred, causing Smith's injuries. CG & E arrived at 12:02 a.m.

CG & E contends that it was entitled to summary judgment because (1) it is under no duty to respond to gas leaks inside its customer's premises, and (2) Smith's contributory negligence and assumption of the risk, as a matter of law, barred his claim.

R.C. 737.11 imposes on a city fire department the primary duty to protect life and property in cases of fire. See *Commerce & Industry Ins. Co. v. Toledo* (1989), 45 Ohio St.3d 96, 543 N.E.2d 1188. As a general rule, a utility is not under a duty to know what gas appliances its customers have installed or to inspect them. However, a duty on the part of a utility for the protection of its customer can arise if the utility is aware or should have been aware that its failure to act could result in an unreasonable risk of harm to the customer. In other words, foreseeability determines the existence of a duty. See *Federal Steel & Wire v. Ruhlin Constr. Co.* (1989), 45 Ohio St.3d 171, 174, 543 N.E.2d 769, 772–773. Accordingly, the Ohio Supreme Court, in *Commerce & Industry Ins. Co., supra,* observed that "[o]nce the [gas] company responds [after it is called], even if as a volunteer, it is under a duty to exercise due care under the circumstances." *Id.,* 45 Ohio St.3d at 98, 543 N.E.2d at 1192, fn. 1. Unlike the utility in *Commerce & Industry Ins. Co., supra,* CG & E was not responding at the fire department's request. It did, however, assume a general duty to its customer to exercise reasonable care when it elected to respond to a customer's call for emergency assistance. Although the existence of a duty is a question of law, the issue of whether that duty was breached is normally a question of fact. *Id.* Because the parties agree that CG & E responded to Gottesman's emergency call, the issue is not whether a duty existed, but whether that duty was breached, with the

---

1. Attached to Gottesman's affidavit is an unsigned and unsworn copy of a transcript of her purported testimony. We hold that any defect in the manner in which Gottesman's testimony was presented was waived under Civ.R. 32(D)(4) because of CG & E's failure to object. *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 272, 569 N.E.2d 1056, 1058–1059; *Lail v. Madisonville Child Care Project, Inc.* (1989), 55 Ohio App.3d 37, 561 N.E.2d 1063.

focus on Smith's allegations of CG & E's untimely response to the call and of the CG & E dispatcher's failure to inform Gottesman of the need to call the fire department immediately.

In maintaining that Smith failed to set forth specific facts showing that there was a genuine issue for trial, CG & E also argues that the affidavit of Smith's expert, a fire, gas, and explosion investigator with seventeen years' experience, whose qualifications to testify as an expert were not challenged, was insufficient for consideration under Civ.R. 56(C) because it contained nothing more than a recitation of legal conclusions. That affidavit, which expressly identified the list of depositions, statements (including Gottesman's statement), and documents upon which the expert relied, set forth the expert's "opinion that the negligence of the Cincinnati Gas & Electric Company was the proximate cause of the injuries of James Smith, which occurred on or about November 5, 1986, * * * that but for the negligence of Cincinnati Gas & Electric Company James Smith would not have been injured * * * [and that] without their negligence the explosion and ultimate injury to Mr. James Smith would not have occurred."

Civ.R. 56(E) provides:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth *such facts as would be admissible in evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Emphasis added).

As to the admissibility of expert testimony, Evid.R. 702 provides:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise."

In tandem with this rule, the facts or data upon which the expert bases an opinion must be those "perceived by him or admitted in evidence at the hearing," as provided by Evid.R. 703. Unlike its federal counterpart, Evid.R. 705 requires an expert to disclose the facts or data underlying his opinion. However, the opinion need not be rendered in response to a hypothetical question. See Staff Note to Evid.R. 705.

■ The Ohio Supreme Court recognized the absence of a brightline rule for the admission of opinion evidence when it observed in *Tomlinson v. Cincinnati* (1983), 4 Ohio St.3d 66, 68, 4 OBR 155, 157, 446 N.E.2d 454, 455, that "a discernable distinction cannot always be made between 'fact' and 'opinion.' Witness testimony in the form of opinion is not subject to a *per se* rule of exclusion." When an expert bases his opinion on facts he perceived or

data admitted in evidence at the hearing and the facts or data are identified before the opinion is offered, Evid.R. 703 and 705 are satisfied. *State v. Solomon* (1991), 59 Ohio St.3d 124, 570 N.E.2d 1118; Blackmore & Weissenberger, Ohio Evidence (1988), Section 705.5.

When a trial court uses summary judgment to terminate litigation, it cannot assess the credibility of the witnesses or the weight of the evidence in determining if there is an actual need for a trial. See *Perez v. Scripps–Howard Broadcasting Co.* (1988), 35 Ohio St.3d 215, 218, 520 N.E.2d 198, 202; *Dunville v. Physician–Care, Inc.* (Aug. 23, 1989), Hamilton App. No. C–880342, unreported, 1989 WL 97445. The question is whether, with the evidence construed most favorably to the nonmoving party, the moving party has demonstrated that no genuine issues of material fact exist, that reasonable minds can come to but one conclusion, and that that conclusion is adverse to the party opposing the motion. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615; *Jackson v. Alert Fire & Safety Equip., Inc.* (1991), 58 Ohio St.3d 48, 51–52, 567 N.E.2d 1027, 1030–1032. Because the trial court provided no explanation in support of its decision granting CG & E's motion for summary judgment, we are not certain of what facts it considered or rejected. However, the Gottesman affidavit, the opinion of Smith's expert, and the data upon which Smith's expert expressly relied are sufficient to defeat a motion under Civ.R. 56. Together, they establish triable issues. Therefore, we sustain Smith's assignment of error.

CG & E maintains, in the alternative, that it was entitled to judgment as a matter of law because of Smith's contributory negligence or his implied assumption of the risk. Based upon a plaintiff's admissions, a trial court may properly find that the plaintiff's negligence is, as a matter of law, greater than the defendant's negligence, pursuant to Civ.R. 56. *Junge v. Brothers* (1985), 16 Ohio St.3d 1, 4, 16 OBR 254, 255–256, 475 N.E.2d 477, 480; *Armentrout v. Associated Dry Goods Corp.* (Jan. 9, 1991), Hamilton App. No. C–890784, unreported, 1991 WL 1391.

In his deposition, Smith admitted that he was aware of the risk of explosion from the escaping gas, but stated that he voluntarily returned to the kitchen for what he believed was in the best interest of his employer and held the gas pipe together in an effort to reduce the escape of gas. The doctrine of implied assumption of the risk requires Smith's conduct to be compared with CG & E's negligent conduct, if any, as provided in R.C. 2315.19. *Anderson v. Ceccardi* (1983), 6 Ohio St.3d 110, 6 OBR 170, 451 N.E.2d 780. The record demonstrates that, despite Smith's assumption of the risk, genuine issues of material fact exist as to whether CG & E breached a duty by failing to respond in a timely fashion after assuming the duty to respond, and, if so, the degree to

which any breach of duty was the proximate cause of Smith's injuries. Under R.C. 2315.19 "the totality of the *causal* negligence must be examined" and apportioned. *Case v. Norfolk & Western Ry. Co.* (1989), 59 Ohio App.3d 11, 14, 570 N.E.2d 1132, 1136. We cannot say, as a matter of law, that Smith's assumption of the risk was greater than the negligence, if any, of CG & E. Had CG & E or the fire department arrived on the scene within fifteen minutes, the explosion, as Smith argues, in all probability would not have occurred.

The second part of Smith's argument is that the trial court abused its discretion (1) in setting CG & E's motion for summary judgment for hearing within fourteen days of service, contrary to Civ.R. 56(C), and (2) in failing to strike the motion for summary judgment because CG & E did not obtain express leave of the trial court after the case was set for trial, contrary to Civ.R. 56(B). Smith fails to suggest how these procedural irregularities prejudiced him. He correctly notes that the record is silent as to the manner in which leave was granted. However, discovery had been completed, and he was not prevented from filing his motion to strike and a memorandum contra to CG & E's motion for summary judgment, both of which were considered by the trial court. In addressing CG & E's motion for summary judgment, the trial court implicitly granted leave to CG & E to file it. We find no evidence to suggest that the trial court abused its discretion or that the trial court's action in considering and ruling upon the motion was arbitrary or capricious. See *Indermill v. United Sav.* (1982), 5 Ohio App.3d 243, 5 OBR 530, 451 N.E.2d 538; *Paramount Supply Co. v. Sherlin Corp.* (1984), 16 Ohio App.3d 176, 16 OBR 186, 475 N.E.2d 197.

The order granting summary judgment in favor of CG & E is reversed, and this cause is remanded to the trial court for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

GORMAN, P.J., KLUSMEIER and UTZ, JJ., concur.