JOURNAL ENTRY and OPINION
J. William Petro, defendant-appellant, appeals from the judgment of the Cleveland Municipal Court, Case No. 97-CV-13718, in which the trial court granted summary judgment on a cognovit note in favor of Robert E. Sweeney, plaintiff-appellee. Defendant-appellant also appeals from the trial court's dismissal with prejudice of his third party complaint against Robert B. Sweeney Co., L.P.A. Defendant-appellant assigns three errors for this court's review.
Defendant-appellant's appeal is affirmed in part, reversed in part and remanded.
On November 15, 1994, defendant-appellant executed a cognovit note payable to plaintiff-appellee in the amount of $10,000 with 6% interest per annum. The cognovit note contains the following clause:
 WARNING-BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.
A personal check in the amount of $10,000 was issued by plaintiff-appellee to defendant-appellant on November 15, 1994. On the memorandum line of the check the words "personal loan" appear. At the time the cognovit note and personal check were issued, defendant-appellant was an employee of Robert E. Sweeney Co., L.P.A.
On June 16, 1997, plaintiff-appellee filed the underlying lawsuit against defendant-appellant in Cleveland. Municipal Court seeking to collect upon the unpaid cognovit note. On September 15, 1997, defendant-appellant filed an answer, counterclaim and third party complaint against Robert B. Sweeney Co., L.P.A. On December 11, 1997, plaintiff-appellee and Robert B. Sweeney Co., L.P.A., filed an answer to the counterclaim and third party complaint of defendant-appellant.
Defendant-appellant maintained that the cognovit note in question was actually an advance on work done for plaintiff-appellee, not a personal loan. Defendant-appellant also contended that the cognovit note was invalid since it was executed as part of what: defendant-appellant terms a "personal consumer transaction."
Disputes developed during the lower court proceedings regarding the extent of allowable discovery into the business affairs of Robert B. Sweeney Co., L.P.A. in light of the contention that the cognovit note represented a personal loan and given that defendant-appellant had formerly been employed by Robert E. Sweeney Co., L.P.A. Ultimately, the trial court granted defendant-appellant's motion to compel discovery thereby allowing defendant-appellant wide latitude during the discovery phase of the proceedings. No sanctions were granted against plaintiff-appellee.
On July 31, 1998, plaintiff-appellee filed a motion for summary judgment in which he sought judgment on the cognovit note. On August 6, 1998, defendant-appellant filed a brief in opposition in which he maintained that the motion for summary judgment was not properly filed since prior leave of court was not obtained. Defendant-appellant argued further that discovery still needed to be completed before he could adequately respond to the motion and that the motion itself was not supported by appropriate evidentiary materials as required by Civ.R. 56 (E). Final depositions took place on October 16, 1998.
The case came on for trial on October 22, 1998. At that time, defendant-appellant failed to appear, although defense counsel and plaintiff-appellee were present. Defense counsel was unable to explain defendant-appellant's absence from the proceedings and moved for a continuance of trial. The trial court denied defense counsel's motion for continuance and oral arguments proceeded on plaintiff-appellee's summary judgment motion. At the conclusion of oral arguments, the trial court granted plaintiff-appellee's motion for summary judgment in the amount of $10,000 plus $2,300 in interest. Defendant-appellant's third party complaint was dismissed with prejudice.
On October 28, 1998, the trial court journalized its judgment entry in the case. In its judgment entry, the trial court deemed plaintiff-appellee's summary judgment motion as filed with leave of court as of the date of filing and denied all pending motions not previously ruled upon.
It is from this judgment entry that defendant-appellant now appeals.
Defendant-appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT RELYING ON THE CONFESSION OF JUDGMENT CLAUSE (O.R.C. 2323.13) IN A PERSONAL CONSUMER LOAN.
Defendant-appellant argues, through his first assignment of error, that the confession of judgment clause contained in the underlying cognovit note is invalid since the loan in question is a consumer loan intended for primarily personal or household purposes. It is defendant-appellant's position that since the loan is of a personal nature to an individual, the loan is not subject to the cognovit provisions of R.C. 2323.13 and, therefore, summary judgment was improperly granted.
Initially, this court notes that the standard for granting a motion for summary judgment is set forth in Civ.R. 56 (C). In applying this rule, the Ohio Supreme Court has consistently held that, before such a motion can be granted, the moving party must show that: (1) there is no genuine issue of fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the non-moving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383; Welco Industries, Inc. v.Applied Cas. (1993), 67 Ohio St.3d 344; Osborne v. Lyles (1992),63 Ohio St.3d 326.
A motion for summary judgment forces the non-moving party to produce evidence on issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, syllabus. The non-movant must also present specific facts and may not merely rely upon the pleadings or upon unsupported allegations. Shaw v. Pollack Co. (1992), 82 Ohio App.3d 656. When a party moves for summary judgment supported by evidentiary material of the type and character set forth in Civ.R. 56 (C), the opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56 (E) to show that there is a genuine issue for trial. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court discussed the standard to be applied when reviewing motions for summary judgment. The court stated:
 Again, we note that there is no requirement in Civ.R. 56 that any party submit affidavits to support a motion for summary judgment. See, e.g., Civ.R. 56 (A) and (B). There is a requirement, however, that a moving party, in support of a summary judgment motion, specifically point to something in the record that comports with the evidentiary materials set forth in Civ.R. 56 (C).
Id. at 298.
The court's analysis of an appeal from a summary judgment is conducted under a de novo standard of review. See Maust v. BankOne Columbus, N.A. (1992), 83 Ohio App.3d 103, 107; Howard v.Willis (1991), 77 Ohio App.3d 133. No deference is given to the decision under review, and this court applies the same test as the trial court. Bank One of Portsmouth v. Weber (Aug. 7, 1991), Scioto App. No. 1920, unreported.
R.C. 2323.13 deals with warrants of attorney to confess judgment. R.C. 2323.13 (E) provides in pertinent part:
 A warrant of attorney to confess judgment contained in any instrument executed on or after January 1, 1974, arising out of a consumer loan or consumer transaction, is invalid and the courts shall have no jurisdiction to render a judgment based upon such a warrant.
This section defines consumer loan as a loan to a natural person and the debt incurred is primarily for a personal, family, educational, or household purpose. R.C. 2323.13 (E). There are four elements to the definition of a consumer loan: (1) there must be a loan; (2) to a natural person; (3) by which a debt is incurred; and (4) for primarily personal, family, educational, or household purposes. Shore West Constr. Co. v. Sroka (1991),61 Ohio St.3d 45, 48, 572 N.E.2d 646; Dodick v. Dodick (Jan. 25, 1996), Cuyahoga App. Nos. 67385, 68588, unreported.
In the case sub judice, defendant-appellant attempts to characterize the underlying loan obligation as a personal consumer loan based upon the fact that the $10,000 check issued by plaintiff-appellee contains the phrase "personal loan" on the memorandum line. Defendant-appellant offers no other evidence in support of his contention that the loan in question qualifies as a consumer loan. Contrary to defendant-appellant's contention, the mere fact that plaintiff-appellee, i.e., the lender, designated the loan as a personal loan from plaintiff-appellee to defendant-appellant does not conclusively establish that the loan satisfies the four necessary elements of a consumer loan. Plaintiff-appellee's characterization only demonstrates that the loan originated from plaintiff-appellee's personal funds. There was no evidence presented to satisfy the fourth element of a consumer loan; that the loan was for primarily personal, family, educational or household purposes. In fact, there was no evidence before the lower court as to the defendant-appellant's ultimate use of the loan. Therefore, it cannot now be said that the underlying note involved a consumer loan pursuant to R.C. 2323.13 (E). See Brown v.Hunter (May 23, 1997), Darke App. No. 1394, unreported; Ginn v.Eaton (Nov. 3, 1994), Cuyahoga App. No. 66493, unreported. Therefore, the trial court possessed subject matter jurisdiction over the cognovit note.
In addition, a further review of the record demonstrates that, although the note was designated as a cognovit note, the trial court, as well as the parties, actually proceeded as if the note were a promissory note. Clearly, defendant-appellant had ample opportunity to answer the complaint, file a counterclaim, file a separate third party complaint, conduct discovery and respond to plaintiff-appellee's summary judgment motion. The trial court did not proceed merely upon the warrant of attorney to confess judgment. See Svete Co., L.P.A. v. Ferrara (Aug. 11, 1994), Cuyahoga App. No. 65133, unreported. However, a review of plaintiff-appellee's motion for summary judgment reveals that it was not supported with proper evidentiary material as required under Civ.R. 56 (E) such as an affidavit attesting to the authenticity of both the copy of the cognovit note and personal check attached to the motion for summary judgment. Without such an authenticating affidavit, the trial court could not properly enter summary judgment upon the motion as presented.
For the foregoing reasons, defendant-appellant's first assignment of error is well taken.
Defendant-appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED IN DISMISSING DEFENDANT-APPELLANT'S THIRD PARTY COMPLAINT WITH PREJUDICE.
Defendant-appellant argues, through his second assignment of error, that the trial court improperly dismissed his third party complaint against Robert E. Sweeney Co., L.P.A. with prejudice after defendant-appellant inexplicably failed to appear for trial in the underlying matter. Specifically, defendant-appellant maintains that no motion to dismiss was filed by plaintiff-appellee and the trial court never provided notice to defendant-appellant of its intention to dismiss, as required under Civ.R. 41 (B) (1), prior to entering the subject dismissal with prejudice. It is defendant-appellant's position that a dismissal with prejudice under the present circumstances constitutes an abuse of the trial court's discretion.
Civ.R. 41 (B) (1) provides:
 Failure to Prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
Ohio courts have consistently held that the failure to give such prior notice of the trial court's intention to dismiss with prejudice is critical and constitutes reversible error. Logsdon v.Nichols (1995), 72 Ohio St.3d 124, 128, 647 N.E.2d 1361, 1365. In Logsdon, the Ohio Supreme Court determined that it was error for the trial court to dismiss plaintiff's case without notice for failure to prosecute when plaintiff and his counsel failed to appear for the assigned trial date. See, also, Ohio Furniture Co.v. Mindala (1986), 22 Ohio St.3d 99, 101, 488 N.E.2d 881, 883;Shoreway Circle v. Gerald Skorich Co. (1994), 92 Ohio App.3d 823,830, 637 N.E.2d 355. The notice requirement exists in order to insure that, to the extent possible, cases are decided on the merits and that a party facing dismissal is given the opportunity to obey the court order in question by either curing the defect, proceeding with the matter or voluntarily dismissing the case without prejudice. Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 454 N.E.2d 951 [454 N.E.2d 957]. In cases such as the one at bar, Ohio courts have also held that a party is entitled to a hearing prior to a dismissal with prejudice for failure to appear for a scheduled trial date in order to determine if the party's nonappearance at trial was in any way justified. Carr v. Green
(1992), 78 Ohio App.3d 487, 605 N.E.2d 431; Weilerv. Department of Liquor Control (June 27, 1995), Franklin App. No. 9SAP101-126.
In the case sub judice, a review of the record demonstrates that the trial court erred in dismissing defendant-appellant's counterclaim and third party complaint with prejudice without first conducting a hearing in order to determine if defendant-appellant's nonappearance was in any way justified. It should be noted that the trial court is not required to proceed on the merits of the case if defendant-appellant's failure to appear for trial or even notify the trial court that he would not be appearing is found to be unjustified. See Ford Motor Credit Co. v. Potts (1986),28 Ohio App.3d 93, 95, 502 N.E.2d 255.
In Heard v. Sharp (1988), 50 Ohio App.3d 34, this court determined that a trial court does not abuse its discretion by dismissing a plaintiff's complaint with prejudice for failure to prosecute where the plaintiff fails to appear, without explanation, at a properly scheduled trial. However, the Heard decision is distinguishable from the facts of the instant case in that the plaintiff in Heard not only failed to appear at trial as scheduled, but was living out of the area, had not been in contact with his attorney for a prolonged period of time and there was no indication that the plaintiff would appear had the trial been rescheduled. In this instance, defendant-appellant had only missed one scheduled court date and there was every indication he would appear had the matter been rescheduled on the third-party complaint. Therefore, Heard is inapplicable.
In addition, plaintiff-appellee's reliance upon Quonset Hut,Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 648 N.E.2d 319 [684 N.E.2d 319], is misplaced. In Quonset Hut, the Ohio Supreme Court found that notice of the trial court's intent to dismiss could be implied, when reasonable, under the circumstances. Such circumstances include a party's continued failure to comply with an outstanding order of the trial court. This pattern of disregard for an order of the trial court is not present in this case. Accordingly, it is apparent that the trial court abused its discretion by dismissing defendant-appellant's claims without notice of its intention to dismiss and a hearing to allow defendant-appellant an opportunity to explain his noncompliance.
Defendant-appellant's second assignment of error is well taken.
Defendant-appellant's third and final assignment of error states:
 III. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT, THEN GRANTING LEAVE TO FILE SAME AND DENYING ALL OUTSTANDING MOTIONS NOT PREVIOUSLY RULED UPON WITHOUT HEARING.
Defendant-appellant argues, through his third and final assignment of error, that the trial court erred in allowing plaintiff-appellee leave of court to file his motion for summary judgment. Defendant-appellant argues further that the trial court erred by summarily dismissing all remaining motions not previously ruled upon at the time the trial court granted plaintiff-appellee's motion for summary judgment.
The decision as to whether to grant a party leave to file a summary judgment motion is left to the sound discretion of the trial court and such decision will not be reversed absent an abuse of that discretion. Smith v. Cincinnati Gas Elec. Co. (1991),75 Ohio App.3d 567, 572, 600 N.E.2d 325, 329. Abuse of discretion connotes more than an error in law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. American Process Design, Inc. v. DeBoer (Oct. 30, 1998), Hamilton App. No. C-971045, unreported. In addition, there is no procedural abuse of discretion in the trial court's ruling on a summary judgment motion without first journalizing its ruling on the motion for leave to file. Indermill v. United Savings (1982),5 Ohio App.3d 243; Bonilla v. Caraballo (June 11. 1992), Cuyahoga App. No. 62887, unreported.
Accordingly, the trial court did not err in determining that plaintiff-appellee's motion for summary judgment was filed with leave of court as of the date of filing. This is particularly true in light of the fact that the motion was filed approximately three months prior to the ultimate trial date in this matter thereby allowing defendant-appellant ample time to respond to the merits contained within plaintiff-appellee's motion if he so desired. Finally, this court can find no abuse of discretion by the trial court in denying all remaining pending motions at the time it granted plaintiff-appellee's motion for summary judgment. The remaining motions dealt with costs and sanctions arising out of discovery disputes which had been resolved through previous court orders. Clearly, the trial court determined that sanctions were not warranted in this instance.
Defendant-appellant's third assignment of error is not well taken.
Judgment of the trial court is affirmed in part, reversed in part and remanded for further proceedings consistent with this court's opinion.
This cause is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be divided equally between plaintiff-appellee and defendants-appellants.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL. P.J., CONCURS, DIANE KARPTNSKT: J., CONCURS INPART AND DISSENTS IN PART (See attached Concurring and DissentingOpinion.)
 ________________________________ MICHAEL J. CORRIGAN, JUDGE
 CONCURRING and DISSENTING OPINION