[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Plaintiffs-appellants, Alvin Bertsch, the owner of A 
S. Trucking, and his insurer, Great West Casualty Company, filed a complaint for property damage against defendant-appellant, Procter and Gamble Company ("PG"). They alleged that PG's employees had damaged the trailer portion of Bertsch's tractor-trailer while unloading it.
{¶ 3} Subsequently, PG filed a motion for sanctions pursuant to Civ.R. 37 for spoliation of evidence, because Bertsch had had the trailer repaired and had then subsequently sold it when PG had not had the opportunity to examine it or to take photographs. At the same time, PG filed a motion for summary judgment without leave of court.
{¶ 4} The trial court held that because of appellants' negligent spoliation of the evidence, PG had suffered substantial prejudice. Consequently, the court ordered that appellants could not offer any evidence of damage to the trailer or the causation of that damage. Because appellants were therefore without evidence on essential elements of their claims, the court granted summary judgment in favor of PG. This appeal followed.
{¶ 5} Appellants present two assignments of error for review. In their first assignment of error, they contend that the trial court erred in allowing PG to file a motion for summary judgment. They argue that because the court had set a trial date, PG was required to seek leave of court to file a motion for summary judgment pursuant to Civ.R. 56(A). While technically PG failed to follow the proper procedure in this case, the ultimate decision whether to grant leave to file a motion for summary judgment was within the trial court's discretion. See Smith v.Cincinnati Gas Elec. Co. (1991), 75 Ohio App.3d 567, 600 N.E.2d 325;City Loan Sav. Co. v. Howard (1984), 16 Ohio App.3d 185,475 N.E.2d 154. In addressing PG's motion, the trial court implicitly granted leave to file it. Appellants had ample opportunity to respond and were not prejudiced by PG's failure to follow the proper procedure. Under the circumstances, we cannot hold that the trial court abused its discretion in considering PG's motion. See Smith, supra. We, therefore, overrule appellants' first assignment of error.
{¶ 6} In their second assignment of error, appellants contend that the trial court erred in granting summary judgment in favor of PG because they could not prove the elements of their case. They claim that the trial court's sanction for spoliation of evidence, which was essentially a dismissal of their case, was too harsh. This assignment of error is well taken.
{¶ 7} Though the court stated that dismissal was too severe a sanction, its exclusion of all evidence of damages and causation and its subsequent grant of summary judgment in favor of PG had the same result as a dismissal. While a court has broad discretion in imposing sanctions for discovery violations, the harsh remedy of dismissal should only be used when the failure to comply has been due to willfulness, bad faith, or any fault of the party against whom the sanction is entered. Toney v.Berkemer (1983), 6 Ohio St.3d 455, 453 N.E.2d 700; Fone v. Ford MotorCo. (1998), 128 Ohio App.3d 492, 715 N.E.2d 600; Loynd v. Scott Molders,Inc. (1990), 62 Ohio App.3d 888, 577 N.E.2d 736.
{¶ 8} The record shows no evidence of willfulness, bad faith or fault on the part of appellants. Bertsch, who operated a small business, reported the damage to his insurance company and then sought to have his trailer repaired so that he could continue his business and not suffer any further economic loss. He later replaced it when it became evident that his use of the trailer before the damage allegedly caused by PG employees had been repaired had caused further irreparable damage.
{¶ 9} Though PG claims otherwise, the record shows that Great West notified it of the damage prior to the repairs being made and that it failed to investigate the matter. Further, the record also contains evidence that the trailer's location is known and that it may still be available for inspection, although PG has never pursued that lead.
{¶ 10} Consequently, though a sanction may be appropriate, we hold under the facts and circumstances of this case that the sanction imposed was too harsh and, therefore, constituted an abuse of discretion. SeeEvans v. Smith (1991), 75 Ohio App.3d 160, 598 N.E.2d 1287; Russo v.Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175, 521 N.E.2d 1116;American States Ins. Co. v. Tokai-Seiki (H.K.), Ltd. (C.P. 1997),94 Ohio Misc.2d 172, 704 N.E.2d 1280; Travelers Ins. Co. v. Dayton Power Light Co. (C.P. 1996), 76 Ohio Misc.2d 17, 663 N.E.2d 1383. Accordingly, the trial court erred in granting PG's motion for summary judgment based on that sanction. We sustain appellants' second assignment of error, reverse the trial court's judgment and remand this case for further proceedings.
{¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.