FONE et al., Appellants,

v.

FORD MOTOR COMPANY, Appellee, et al.

KRAMER et al., Appellants,

v.

FORD MOTOR COMPANY, Appellee, et al.

[Cite as *Fone v. Ford Motor Co.* (1998), 128 Ohio App.3d 492.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 73038 and 73039.

Decided June 8, 1998.

---

*David M. Benjamin,* for appellants.

*Thompson, Hine & Flory, Kevin Magnuson* and *Elizabeth B. Wright,* for appellee.

*Per Curiam.*

Delores Kramer, Terry Lee Fone, and Progressive Insurance Company appeal from a common pleas court order dismissing their consolidated product liability suits against the Ford Motor Company as a sanction for failing to comply with the court's discovery orders. Our review reveals that the trial court committed an abuse of discretion in dismissing these cases when other sanctions would have been more appropriate, and for that reason, we reverse the judgment of dismissal, reinstate these cases, and remand the matter for further proceedings.

On January 20, 1994, Delores Kramer's 1994 Ford Ranger burned while parked outside her home in East Sparta, Ohio. In a separate incident on September 12, 1994, Terry Lee Fone's 1994 Ford Escort burned while parked outside his brother's house in East Liverpool, Ohio. Progressive Insurance Company insured both vehicles, and as a result of these losses, Progressive paid Kramer $9,418.65 and paid Fone $11,236. Both Kramer and Fone subrogated their interests to Progressive in connection with settlement of their claims, and Progressive then filed these separate product liability suits against the Ford Motor Company, alleging design and manufacturing defects and breach of express and implied warranties. The court consolidated these cases for purposes of discovery and trial.

In answering the complaints, Ford denied all claims and filed a set of interrogatories and requests for production of documents. Instead of answering the interrogatories on a question-by-question basis, or responding to the requests for production of documents on an individual basis, in each case Progressive forwarded to Ford information consisting of the complete file maintained by Progressive on each vehicle: subrogation forms, fire reports, damage reports prepared by Progressive adjusters, statements by Kramer and Fone setting forth all facts they knew about the fire, a report prepared by the expert witness for each case, and the expert's curriculum vitae.

After receiving this information, Ford filed a motion to compel and a motion for sanctions urging that Progressive had failed to properly respond to its discovery requests, and the court granted the motion. Progressive then filed a response to the discovery requests that provided specific answers to the questions asked but referred to the documents it had earlier produced.

Ford then filed a second motion for sanctions, seeking dismissal of the complaint for Progressive's lack of compliance with the court's order compelling discovery. Progressive responded by filing revised interrogatory responses placing information from the documents into specific answers to the interrogatories. On March 11, 1997, the court stayed its ruling on the motion to dismiss but ordered Progressive to furnish a supplemental expert report on or before April 15, 1997. Progressive never filed such a report, and on July 21, 1997, the court *sua sponte* granted Ford's motion to dismiss the cases with prejudice as a sanction for Progressive's failure to furnish complete responses to the discovery requests and a supplemental expert report.

Progressive now appeals in each case and presents the following assignment of error for our review:

"The trial court erred in granting the Rule 37(D) sanction of dismissal here, where no willfulness or bad faith can be demonstrated, where defendant Ford Motor Company, the party moving for sanctions in this matter, failed to demonstrate what prejudice it suffered from the 'discovery deficiencies' it complained of, and where other, more appropriate, less onerous sanctions were available."

Progressive argues that the court abused its discretion in granting the motions to dismiss because Progressive made a good faith effort to comply with the discovery orders and the court should have imposed a lesser sanction.

Ford argues that the court properly granted its motions to dismiss for failure to comply with discovery orders because Progressive's failure to fully respond prejudiced Ford's ability to defend the cases.

■■ We begin by observing that a trial court has broad discretion to impose sanctions for violations of discovery rules, and our court will not reverse those determinations in the absence of an abuse of discretion. *Toney v. Berkemer* (1983), 6 Ohio St.3d 455, 458, 6 OBR 496, 498–499, 453 N.E.2d 700, 702–703. See, also, *Rankin v. Willow Park Convalescent Home* (1994), 99 Ohio App.3d 110, 112, 649 N.E.2d 1320, 1321–1322.

Progressive challenges the court's rulings regarding its alleged discovery failures resulting in dismissal of these cases in two areas: the first, its answers to interrogatories and requests for production of documents, and the second, the sufficiency of its expert reports.

Regarding Progressive's answers to interrogatories and requests for production, Civ.R. 33(C) provides:

"Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, or from a compilation, abstract or summary based thereon, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a *sufficient answer* to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies thereof or compilations, abstracts, or summaries therefrom." (Emphasis added.)

The court applied this rule in *Jaric, Inc. v. Chakroff* (1989), 63 Ohio App.3d 506, 512, 579 N.E.2d 493, 496–497, which held that the trial court properly denied sanctions when a party had responded to interrogatories by supplying a three-inch pile of documents containing the relevant information, as this constituted substantial compliance under Civ.R. 33(C).

The record on this appeal demonstrates that Progressive provided Ford its entire claim files on both vehicles, which, under Civ.R. 33(C), constitutes a sufficient answer to an interrogatory request. This case can be distinguished from a companion case, *Young v. Ford Motor Co.* (Oct. 30, 1997), Cuyahoga App. No. 72583, unreported, 1997 WL 675434, where our court upheld dismissal for failure to comply with the court's discovery orders because the record there contained no evidence of Progressive's responses. Our case is different because the record here contains the actual responses filed by Progressive.

Regarding the adequacy of Progressive's expert reports, Local Rule 21.1 of the Cuyahoga County Common Pleas Court requires parties to exchange reports of expert witnesses they expect to call at trial, and further states:

"It is counsel's responsibility to take reasonable measures, including the procurement of supplemental reports, to insure that each report adequately sets forth the expert's opinion."

The record here indicates that Progressive provided Ford with expert reports regarding both vehicles and his opinion as to the cause of each of the fires. The record also indicates that Progressive offered to make its expert available for deposition. This record demonstrates compliance with the mandates of Local Rule 21.1.

In *Toney, supra,* 6 Ohio St.3d at 458–459, 6 OBR at 498–500, 453 N.E.2d at 702–703, the Ohio Supreme Court adopted the United States Supreme Court's

holding in *Societe Internationale v. Rogers* (1958), 357 U.S. 197, 212, 78 S.Ct. 1087, 1095–1096, 2 L.Ed.2d 1255, 1267, and held that "the harsh remedies of dismissal and default should only be used when the failure to comply has been due to willfulness, bad faith, or any fault."

■ In *Russo v. Goodyear Tire & Rubber Co.* (1987), 36 Ohio App.3d 175, 178, 521 N.E.2d 1116, 1120, the court explained that in assessing the appropriateness of a particular sanction in a particular case, the court must "consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions." The court there set forth several factors to consider: "the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate."

After considering the factors set forth in *Russo, supra,* and the holding in *Toney, supra,* we conclude that the court abused its discretion in dismissing these cases.

Accordingly, Progressive's assignment of error is well taken; we reverse the judgment and remand these cases to the court for further proceedings.

*Judgment accordingly.*

KARPINSKI, Judge, concurring.

I concur with the majority but write to clarify a point.

Parties have a right to precise answers to certain questions, for example, the identity of witnesses to an event and their addresses and telephone numbers, a clear statement of the relevant facts, the specific evidence in support of a party's position. Such answers are necessary to prepare one's case. Parties cannot be permitted to evade answering these questions by pointing to a pile of documents that could contain a variety of possible answers or that leave certain answers ambiguous.

In the case at bar, however, neither defendant nor the trial court stated specifically what requested and necessary information was not provided. I believe that such a finding is a necessary second stage of the analysis on this question.

I write to clarify that *Jaric,* which the majority cites, does not stand for the proposition that providing a pile of documents in response to an interrogatory is

always sufficient even when examining the documents would be equally burdensome for either party. In *Jaric* the documents were provided in response to an interrogatory *request for production.* Moreover, the *Jaric* court found that the documents contained the requested information. A finding on this point is necessary.

However, since neither the trial court nor the plaintiff specified what requested information plaintiff needs to prepare his case and since this court in its review of the interrogatories and the answers has not observed, on its own, any substantial omission, I agree that the case should be remanded.