JOURNAL ENTRY AND OPINION
The city of Strongsville and the Strongsville Board of Education (we will collectively refer these parties as "the city") appeal from a Board of Tax Appeals ("board") ruling which set a taxable value on land owned by Hy-Level Land Co. The city claims the board erred by permitting Hy-Level's appraisal report into evidence and further erred by finding that report persuasive.
 I
We begin with the second assignment of error, which raises a procedural complaint about the board's decision to admit Hy-Level's expert valuation into evidence. The city complains the report should not have been permitted into evidence because Hy-Level did not exchange the report within seven days of the hearing pursuant to Ohio Adm. Code 5717-1-11.
Ohio Adm. Code 5717-1-11(A)(5) states:
 An expert may not be permitted to testify if he or she has not been timely identified prior to hearing. The parties may mutually agree to the exchange of any written reports of expert witnesses to be relied upon by them. Additionally, an expert's report or portions thereof may be excluded from evidence if the report was not made available in a timely fashion to complete a mutually agreed exchange of reports. In all events, the identity of the expert and the written valuation reports shall be provided to counsel seven days prior to hearing, except as otherwise ordered by the attorney examiner.
Ohio Adm. Code 5717-1-10(A) states: "The `Ohio Rules of Civil Procedure' shall be used as a guideline for discovery purposes * * *." When the court considers imposing sanctions as a result of discovery violations, the court should, in each particular case, "consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions." Russo v.Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175, 178. Among the factors the court should consider are, "the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate." Id., see, also, Fone v. Ford Motor Co. (1998), 128 Ohio App.3d 492, 497. As with all other questions concerning the admission of materials into evidence, we review the board's decision for an abuse of discretion. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83.
The board did not abuse its discretion by admitting Hy-Level's expert report into evidence. The city's objections went to twelve pages of inserts it received from Hy-Level on the eve of the board hearing. Hy-Level explained the pages corrected clerical errors and did not contain any substantive changes to its expert's report. The hearing examiner noted his recollection that he agreed to permit certain clerical corrections (although he appeared to express some concern that the corrections were not filed sooner) The record shows Hy-Level put both the original and corrected copy of the report into evidence, and the hearing examiner noted he had examined the corrections and found them to be clerical. The city cross-examined the expert on the changes, and nothing in that cross-examination suggested there were substantive changes contained within the amended copy of the report. The second assignment of error is overruled.
 II
The city's first assignment of error complains the board abused its discretion by accepting Hy-Level's valuation of the property because its appraiser's opinion of value had no competent, credible evidence to support it.
We review the board's decision to determine if it is reasonable and lawful. Tax valuation of property is generally a factual issue within the sound discretion of the trial court. Park RidgeCo. v. Franklin Cty. Bd. of Rev. (1987), 29 Ohio St.3d 12, 16. As long as there is evidence which reasonably supports the conclusion reached by the board, the decision must stand.Highlights for Children, Inc. v. Collins (1977), 50 Ohio St.2d 186,187-188. In Whitt Co. v. Hamilton Cty. Bd. of Revision
(1991), 61 Ohio St.3d 155, 157, the supreme court stated:
 "This court has consistently held that `[t]he ETA need not adopt any expert's valuation. It has wide discretion to determine the weight given to evidence and the credibility of witnesses before it. Its true value decision is a question of fact which will be disturbed by this court only when it affirmatively appears from the record that such decision is unreasonable or unlawful."
The best evidence of true or market value of real property is an arm's length transaction. Crow v. Cuyahoga Cty. Bd. ofRevision (1990), 50 Ohio St.3d 55. Absent a current sale, however, true or market value of real property may be determined by one of three methods: income, cost, or market approach.Springfield Local v. Pd. of Revision (1994), 68 Ohio St.3d 493.
The subject property is located in an industrial park and is leased to Hy-Level Screw Products, Inc., an entity related to Hy-Level. The building was erected specifically to suit Hy-Level Screw's operations, and contained extras like taller ceilings, sturdier floors, special lighting and improved office space. The appraisers agreed that sales of industrial buildings of the kind at issue were uncommon, so they could not make direct comparisons. Moreover, there were no other comparable buildings located in the city. This forced the appraisers to go beyond the city limits for comparables. Hy-Level's appraiser looked at a wide range of buildings, some larger, some smaller and some comparably-sized; the city's expert used significantly smaller buildings, with the most comparably-sized building being twenty percent smaller than the Hy-Level building.
The board determined that the sales comparison approach would provide the most reliable means of estimating the value of the property. By adopting Hy-Level's appraisal based on the sales comparison approach, the board found it more accurate because (1) it compared buildings more similar in size to that at issue; (2) it considered more recent data which the board found "allows us to more accurately gauge market influences because [Hy-Level's expert] has provided us with sales occurring before and after tax lien date"; and (3) Hy-Level's appraisal more accurately took into consideration the property's location, its improvements and the market within which it competes.
The city criticizes Hy-Level's valuation as lacking an "analytic basis," but the board disagreed and we see no abuse of discretion in this finding of fact. Indeed, the board criticized the city's expert for his methodology, noting that he did not compare similarly-sized buildings but used significantly smaller buildings for comparison. The board noted "a direct correlation between the size of the leased space and the rental rate charged, with the smaller properties garnering dramatically higher rates" — a fact that would explain the city's higher valuation.
The board was also critical of a substantial miscalculation in the city's appraisal and said that once adjusted, the miscalculation would provide additional support for Hy-Level's valuation. As a pure finding of fact, we see no reason to disturb the board's findings. The first assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Board of Tax Appeals to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, ADMINISTRATIVE JUDGE, MICHAEL J. CORRIGAN, J., CONCURS
 _____________________ JOHN T. PATTON, JUDGE