OPINION
Defendant-appellant Kathleen D. Leeper ("Leeper") brings this appealfrom the judgment of the Court of Common Pleas of Montgomery County infavor of plaintiff-appellee William J. Lingo, Sr. ("Lingo").
 On March 9, 1998, the automobile driven by Leeper struck Lingo'svehicle in the rear. On April 8, 1999, Lingo filed a complaint claimingvarious personal injuries and a loss of income as a result of theaccident. The matter first came to trial on April 10, 2000, and resultedin a mistrial due to Lingo's frequent reference to the fact that Leeperwas insured. Thus, the matter was rescheduled for trial on February 14and 15, 2001. At the second trial, the jury found in favor of Lingo andthe judgment entry was filed on February 28, 2001. On March 7, 2001,Leeper filed a motion for a new trial. Lingo filed a motion contra tothe motion for a new trial on March 15, 2001. On April 6, 2001, thetrial court denied the motion for a new trial. Leeper filed this appealon May 7, 2001.
 Leeper raises the following assignments of error.
 The trial court erred in overruling Leeper's motion in limine to exclude evidence of plaintiff's lost income and profits.
The verdict of the jury in favor of Lingo and against Leeper finding lostwages in the amount of $12,000.00 is against the manifest weight of theevidence.
The trial court erred in excluding Leeper's exhibit G.
The trial court erred in overruling Leeper's motion for a new trial.
 In the first assignment of error, Leeper claims that the trial court erred by denying her motion in limine. "A motion in limine is a motion directed to the inherent discretion of the trial court judge to prevent the injection of prejudicial, irrelevant, inadmissible matters into trial." Mason v. Swartz
(1991), 76 Ohio App.3d 43, 55, 600 N.E.2d 1121, 1129. In this case, Leeper requested a motion in limine on the issue of lost wages because Lingo failed to fully respond to discovery requests. A trial court can exclude evidence as a sanction for failure to comply with discovery requests. Civ.R. 37(B)(2)(b). However, a trial court has broad discretion to impose sanctions for violations of discovery rules, and its decision will not be reversed absent a showing of abuse of discretion. Fone v. Ford Motor Co., (1998), 128 Ohio App.3d 492, 715 N.E.2d 600. We note that the record reveals that the trial court did not rule on Leeper's motions in limine. However, when the testimony was raised at the trial and Leeper objected, the trial court overruled the objections thus overruling the motion in limine by implication. We also note that Leeper never filed a motion to compel Lingo to provide the documentation requested. In effect, Leeper's motion in limine is a request for sanctions resulting from a failure to fully comply with discovery without first receiving a finding of contempt. A proper procedure might have been for Leeper to seek a motion to compel and, if no additional information was forthcoming, then to seek sanctions. Civ.R. 37. Since this was not done, we cannot say that the trial court abused its discretion by denying the motion in limine. The first assignment of error is overruled.
The second assignment of error raises the issue of the appropriateness of the jury's verdict regarding lost wages. At trial, Lingo testified that he had agreements to complete two jobs at the time of the accident.[1] The first job was to install a phone system for Masters Title Agency. Tr. 77. Lingo then testified as follows:
Q. Do you know how much was lost on that job?
 A. Yes. It would have been about just under four thousand dollars. It was 38 hundred, 39 hundred dollars.
 Tr. 79. Lingo testified that he was unable to complete the job because of his injuries. The second lost job was to install a system for Quaker State Tractor Company. Lingo then testified that his lost profit on this job was $2,825.00. Tr. 83. These were the only two jobs that Lingo was able to testify to an amount of profits lost. These two jobs provide, at most, for lost wages of $6,725.00. However, the jury entered a verdict of $12,000.00 for lost wages. Interrogatory A.
To recover lost earnings, they must be shown to a reasonable certainty. AGF v. Great Lakes Heat Treating Co. (1990), 51 Ohio St.3d 177,555 N.E.2d 634. Lingo attempted to establish the basis for his lost earnings by testifying to what his gross profits were for the previous few years. These figures, however, do not show the actual lost earnings because they do not take into the consideration the costs of doing business. According to the financial statements, prepared by Lingo, his business showed a profit of $797.00 in 1992, a loss of $379.72 in 1993[2], a profit of $5,231.29 in 1994, a profit of $20,885.27 in 1995, a profit of $11,515.14 in 1996, a profit of $14,604.92 in 1997[3], and a profit of $5,035.18 in 1998. We note that these figures differ significantly from the amounts claimed on the tax forms provided by Lingo which show a loss of $1,412.62 in 1992, a profit of $3,125.00 in 1996, a loss of $5,994.00 in 1997, and a loss of $5471.08 in 1998.[4] Lingo testified that 1998 looked like it would be a good year, like 1997, but he also testified that actual income depended on how many jobs he actually received. No testimony was given that Lingo had any jobs that were reasonably certain to occur other than the two to which he testified. Any testimony about additional funds he expected to earn is speculation. Thus, we cannot find that the jury's verdict as to lost wages to be supported by the evidence. The second assignment of error is sustained.
In the third assignment of error, Leeper claims that the trial court erred in denying admission of Dr. Shear's evaluation completed for the Bureau of Employment Services. The admission of evidence is within the sound discretion of the trial court. "The admission or exclusion of evidence lies within the sound discretion of the trial court." Breechv. Turner (1998), 127 Ohio App.3d 243, 251, 712 N.E.2d 776, 781. In this case, Lingo objected to the admission of the report on the grounds of hearsay. Leeper argued that the document was a business record and was received when Dr. Shear's records were requested. Lingo claimed that they are not business records kept in the ordinary course of business. The rule requires that the report must be made at or near the time of the event, that it must be kept in the course of regular business, and that it is a regular practice of that business to make the report. Evid.R. 803(6). These requirements must be verified by the testimony of a witness with knowledge of the preparation of the record. Although Dr. Shear authenticated the report and its contents, he did not testify that this report is an ordinary part of his business. Thus, the trial court could reasonably conclude that this report is hearsay and it may be excluded. The third assignment of error is overruled.
The final assignment of error claims that the trial court erred in denying Leeper's motion for a new trial. A new trial may be granted on all or part of the issues if the judgment is not sustained by the weight of the evidence. Civ.R. 59(A). In this case, Leeper moved for a new trial on the issue of lost wages because the jury's verdict was not supported by the evidence. The question of whether the jury's verdict was supported by the evidence was addressed in the second assignment of error and was determined to be against the manifest weight of the evidence. Thus, Leeper is entitled to a new trial. The fourth assignment of error is sustained.
The judgment of the Common Pleas Court of Montgomery County is affirmed in part and reversed in part and the cause is remanded for further proceedings.
WOLFF, P.J. and GRADY, J., concur.
(Hon. Thomas F. Bryant sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Lingo was the sole proprietor of his business. His testimony indicates that his wages were the net profits of the business.
[2] This figure included a loan for $8,000 in his income without a matching deduction in the expense column. Lingo admitted that the $8,000 should not have been included in his income. Since a loan is not income, the net loss would really be $8,379.72.
[3] As in 1993, Lingo again included a loan for $8,003.00 in the income. When this amount is removed, the net profit becomes $6,601.92.
[4] Lingo did not provide any returns for any of the other years. Lingo also did not provide complete tax returns for any year except 1992.