JOURNAL ENTRY and OPINION
{¶ 1} Appellant Watson Rice Company ("Watson Rice") appeals the trial court's order, which entered a sanction of $6 million in favor of appellee Cuyahoga Metropolitan Housing Authority ("CMHA") and dismissed Watson Rice's counterclaim. Watson Rice also appeals the trial court's denial of its motions for relief from judgment. Watson Rice assigns the following errors for our review:
 {¶ 2} "I. The lower court erred by granting plaintiffs' motion for judgment on the pleadings."
 {¶ 3} "II. The lower court erred by denying defendant Watson Rice Company's motion to vacate filed on March 11, 2002."
 {¶ 4} "III. The lower court erred by precluding defendant Watson Rice Company from presenting evidence through witnesses at the damages hearing held on February 26, 2002."
 {¶ 5} "IV. The lower court erred by denying defendant's motion for an order vacating the court's judgment for damages of June 26, 2003 and/or in the alternative, motion for relief from the court's judgment of June 26, 2003, and by granting judgment in favor of plaintiffs and against defendant Watson Rice and Company in the amount of $6,290,106."
 {¶ 6} Having reviewed the record and pertinent law, we reverse the trial court's imposition of sanctions and remand for further proceedings. The apposite facts follow.
 {¶ 7} On August 16, 2000, CMHA sued Watson Rice, an accounting firm, for breach of contract and negligence. CMHA retained Watson Rice to provide general accounting services, including auditing CMHA's financial operations for the fiscal years 1993 through 1995. Watson Rice also performed financial and compliance audit testing for CMHA.
 {¶ 8} CMHA alleged in its complaint that Watson Rice incorrectly represented assets on CMHA's financial statements, resulting in erroneous and misleading statements regarding the financial condition of CMHA. The State of Ohio audited CMHA and discovered unauthorized expenditures for credit cards, mortgage payments, salaries, and bonuses during the years 1993 through 1995. According to CMHA, Watson Rice's negligence caused the loss of millions of dollars in federal funds available to CMHA.
 {¶ 9} Attorney Michael Troy Watson filed a motion to dismiss the complaint on behalf of Watson Rice, which was denied. Thereafter, Watson Rice timely answered the complaint. Watson Rice counter-claimed, alleging it relied on the information supplied by CMHA in performing the audits; therefore, CMHA was negligent.
 {¶ 10} On January 19, 2001, the trial court ordered Watson Rice to comply with outstanding discovery requests filed by CMHA. On March 1, 2001, a pretrial was held and attorney Watson was ordered to comply with the court's order compelling discovery by March 9, 2001, or sanctions would be imposed, including judgment on the pleadings.
 {¶ 11} On March 26, 2001, attorney Watson filed a notice of compliance with the trial court's order. Because several documents were still not provided, CMHA again filed a motion to show cause. The hearing set for June 26, 2001 was canceled because attorney Watson provided the missing documents.
 {¶ 12} On August 31, 2001, CMHA filed another motion to show cause because attorney Watson failed to appear at the deposition of Dale Carnahan, the Watson Rice accountant who performed the audits for CMHA. Although Carnahan appeared, Watson failed to appear to defend. Carnahan's deposition was eventually taken and the motion to show cause was dismissed.
 {¶ 13} On September 25, 2001, CMHA filed another motion to show cause because attorney Watson failed to produce employees Ronnie Simmons and Patrick Coyne for deposition. CMHA's motion to show cause was granted and the imposition of sanctions was set for hearing on November 27, 2001. Attorney Watson was informed that at the hearing he would be allowed to counter the request for sanctions.
 {¶ 14} Attorney Watson failed to appear at the hearing; he was appearing before the Ohio Supreme Court regarding the suspension of his law license. The trial court granted CMHA's motion to show cause and, as a sanction, dismissed Watson Rice's counterclaim and entered judgment on the pleadings for CMHA.
 {¶ 15} A hearing on the damages was conducted January 29, 2002. Although attorney Watson appeared, the trial court did not allow him to present witnesses; he was permitted only to cross-examine CMHA's witnesses. The trial court entered judgment in favor of CMHA in the amount of $6,290,106.
 {¶ 16} Watson Rice subsequently filed motions to vacate the trial court's judgment on the pleadings and the damages award. The trial court denied both motions. Watson Rice now appeals.
 {¶ 17} Watson Rice argues in its first assigned error the trial court's sanctions were too harsh. We agree.
 {¶ 18} Civ.R. 37(B)(2) states in part: "If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others * * * an order * * * dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."
 {¶ 19} The standard of review for a trial court's order granting sanctions in matters of discovery is an abuse of discretion.[1] "The granting of a default judgment * * * is a harsh remedy which should only be imposed when the actions of the faulting party create a presumption of willfulness or bad faith."[2] Alternative sanctions available should be considered first.[3] The propriety of the sanction imposed should be evaluated after considering the history of the case, the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply, what efforts were made to comply, the ability or inability of the faulting party to comply, and any other appropriate factors.[4]
 {¶ 20} A reviewing court may determine that the degree of the sanction is disproportionate to the seriousness of the infraction and ultimately conclude that the trial court abused its discretion.[5] The reviewing court must consider the above factors before reversing the trial court.
 {¶ 21} Evaluating the circumstances of the instant case in light of these factors, we conclude the sanctions of judgment on the pleadings and dismissal of Watson Rice's counterclaim, resulting in a damage award exceeding $6 million, to be disproportionate to the infraction of not producing the witnesses on the date CMHA scheduled the depositions.
 {¶ 22} CMHA's motion to show cause simply requested as sanctions that Watson Rice pay the court reporting costs and costs associated with preparing for the deposition. CMHA also requested the court order that Simmons and Coyne be produced for deposition on October 10, 2001 at 10:00 a.m. The court granted the motion and set the imposition of sanctions for hearing. Watson was unable to attend the hearing because he had to appear before the Ohio Supreme Court regarding the suspension of his law license. Subsequent to the hearing, the court entered the following order:
 {¶ 23} "Show cause hearing called and held, plaintiff's attorney present, defendant nor defendant's attorney Watson appeared for said hearing, no evidence was presented to show good cause as to why this court should not hold defendant and defendant's attorney Watson in contempt of court for repeated failures to comply with plaintiff's discovery request and court's compel orders requesting defendant's compliance with outstanding discovery, upon evidence presented at the oral hearing held, which this court by reference herein incorporates hereof, including the court's findings made upon the record, judicial notice of the court's docket and prior orders the court hereby dismisses defendant's counterclaim with prejudice at defendant's costs and further grants judgment on the pleadings * * *".[6]
 {¶ 24} We disagree with the trial court's portrayal of Watson's noncompliance. Our review of the record does not reflect the required bad faith or willfulness needed to render the harsh sanction of judgment on the pleadings. Although the history of the case indicates attorney Watson was slow to respond to discovery, he did eventually comply with the discovery orders, including copying over 60,000 pages of documents for CMHA (for which CMHA did not pay prior to receipt). In fact, the only sanctionable conduct before the trial court at the time it imposed the sanction was Watson's failure to produce Simmons and Coyne for a deposition, which CMHA had scheduled for September 25, 2001.
 {¶ 25} The trial court found it had issued multiple orders compelling discovery; in fact, it issued only two, with which Watson complied. CMHA filed several motions to show cause, but they were unrelated to the trial court's original order compelling discovery and were rendered moot upon Watson's compliance.[7]
 {¶ 26} The record regarding Watson's failure to appear at the depositions indicates CMHA sent written notice to attorney Michael Goins on September 10, 2001, stating it wanted to schedule the depositions for September 25, 2001. Goins was not the attorney of record on the case and did not share the same office space with Watson. Goins merely stood in for Watson at a prior deposition due to Watson having a scheduling conflict. Because it did not receive a response to the letter, CMHA sent to attorney Goins, at the wrong address, two formal notices of its intention to take the depositions.
 {¶ 27} Because the wrong attorney was notified, there is no evidence Watson's failure to appear was for the purpose of concealing evidence. CMHA admits in its own motion to show cause that attorney Goins informed CMHA by telephone an hour-and-a-half after the deposition was to commence, that he and Watson failed to schedule the deposition because they never received the notice from CMHA. This is plausible because the notices were sent to Goins at Watson's office and not his office address.
 {¶ 28} Further, this is not a situation where months have gone by without the deposition being rescheduled. Pursuant to Civ.R. 37(E), the parties are to "make reasonable effort to resolve the matter through discussion with the attorney" prior to filing a motion with the court for sanctions. In the instant case, upon hearing from attorney Goins, CMHA should have attempted to resolve the problem by notifying the proper attorney, instead of filing a motion for sanctions the following day.
 {¶ 29} We conclude that attorney Watson's failure to schedule the employees for deposition does not warrant the harsh sanctions of judgment on the pleadings and dismissal of the counterclaim, resulting in an award of over $6 million. Even if we consider the history of the case and attorney Watson's dilatory behavior toward CMHA's discovery requests, such an excessive amount punishes the client and not attorney Watson. "Fault should not automatically be imputed when an attorney has grossly neglected a client's case and misleads the client to believe that his interests are being properly handled."[8] In this case, attorney Watson continually assured Watson Rice that all was well. Accordingly, we conclude the trial court abused its discretion because a less severe sanction was in order. Watson Rice's first assigned error is sustained.
 {¶ 30} Given our disposition of the first assigned error, we conclude Watson Rice's remaining assigned errors are moot and need not be addressed.[9]
Judgment reversed and case remanded for proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, ordered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and Cooney, J., CONCUR.
[1] Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254,256, 662; Cunningham v. Garruto (1995), 101 Ohio App.3d 656,659; Fiorini v. Whiston (1993), 92 Ohio App.3d 419, 424; Fonev. Ford Motor Co. (1998), 128 Ohio App.3d 492.
[2] Toney v. Berkemer (1983), 6 Ohio St.3d 455, 458-459;Russo v. Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175,179.
[3] Furcello v. Klammer (1980), 67 Ohio App.2d 156, 159.
[4] Russo v. Goodyear Tire Rubber Co. (1987),36 Ohio App.3d 175, 178.
[5] Id. at 179; Short v. St. Luke's Hosp. (Oct. 18, 1990), Cuyahoga App. No. 59225; Rauchenstein v. Kroger Co. (1981),3 Ohio App.3d 178.
[6] Trial Court Journal Entry, November 29, 2001.
[7] CMHA did not file a motion to compel regarding Watson's failure to appear or present witnesses for depositions, but Civ.R. 37(D) permits a party to proceed directly to the court for sanctions when the party has been provided proper notice of the scheduled deposition. Dafco, Inc. v. Reynolds (1983),9 Ohio App.3d 4; American Sales v. Boffo (1991), 71 Ohio App.3d 168. In this case, CMHA believed it did provide proper notice of the depositions; however, as discussed infra, the wrong attorney was notified.
[8] Whitt v. Bennett (1992), 82 Ohio App.3d 792.
[9] App.R. 12(A)(1)(c).