OPINION
{¶ 1} Plaintiff-appellant Robert Y. Shin ("Robert") brings this appeal from the judgment of the Court of Common Pleas of Allen County which dismissed the complaint.
 {¶ 2} Robert purchased several corporations from defendant-appellee Paul Shin ("Paul") in exchange for cash and notes of indebtedness to his father. During the operation of the business, Robert defaulted on one of the notes. The parties entered into an agreement which placed Paul in control of the business and made Robert an officer and employee of the business. Several months later, Paul fired Robert and removed him as an officer of the corporation.
 {¶ 3} On July 18, 2003, Robert filed a complaint alleging unjust enrichment, duress, fraud, and promissory estoppel as well as several other claims. Paul filed an answer and counterclaim on July 31, 2003, seeking recovery on the outstanding notes. Robert then filed an answer to the counterclaim and an amended complaint on October 1, 2003. The answer to the amended complaint was filed by Paul on October 17, 2003. The matter was set for trial on February 20, 2004, and discovery was ordered completed by January 13, 2004. On November 13, 2003, Paul served a discovery request on Robert and answers were due by December 11, 2003. The discovery request consisted of interrogatory requests, a request for admissions, and a request for production of documents. No response was received. On December 15, 2003, the trial was rescheduled for August 31, 2004. On January 16, 2004, Paul sent a letter to Robert's counsel asking for a response to the discovery requests. No answer was received. A second letter requesting a response was sent on February 18, 2004. Once again, no response was given.
 {¶ 4} On March 24, 2004, Paul filed a motion to compel discovery. No opposition was made to the motion and the trial court granted the motion to compel on April 5, 2004. A deadline of April 26, 2004, was set by the court for the discovery responses. On May 6, 2004, Paul again contacted Robert's counsel and requested compliance with the discovery requests. On May 7, 2004, Paul received a faxed copy of incomplete answers to the discovery requests. The faxed copies were unsigned and unauthenticated. No objections were made to any of the requests. Robert's response to the request for production of documents consisted of a statement that he would supply the documents once they were assembled. The answers to the interrogatories consisted of statements that a complete "answer must await review of discovery from Defendants for answer." On July 14, 2004, Paul filed a second motion to compel complete and adequate answers. In the motion, Paul claimed that Robert had received the requested discovery from him several months prior. The trial court granted the second motion to compel on July 20, 2004, and warned Robert that failure to comply could result in sanctions.
 {¶ 5} On August 4, 2004, Paul filed a motion for contempt and sanctions for Robert's failure to comply with discovery requests. The motion was supplemented on August 10, 2004. On August 23, 2004, Robert responded to the motion. A hearing was held on August 25, 2004. At the hearing, Robert and Paul both allegedly presented evidence regarding the failure to comply with discovery.[1] On August 26, 2004, the trial court entered judgment. The trial court found that Robert's failure to comply with discovery requests was "neglectful and dilatory, at best[.]" Judgment entry, 2. The trial court then ordered the complaint dismissed and denied default judgment on the counterclaims. Robert appeals from this judgment and raises the following assignment of error.
The trial court abused its discretion in dismissing [Robert's]complaint pursuant to [Civil Rule 37].
 {¶ 6} Civil Rule 37 authorizes a trial court to dismiss the action if a plaintiff fails to comply with an order requiring the plaintiff to comply with discovery. The trial court's discretion in imposing sanctions for discovery violations is broad. Fone v. Ford Motor Co. (1998),128 Ohio App.3d 492, 715 N.E.2d 600. However, before a trial court may impose the sanction of dismissal, the appropriate notice must be given.Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99, 488 N.E.2d 881. A motion to dismiss is sufficient to imply that counsel had notice that the case would be dismissed if the orders are not followed. Sazima v. Chalko
(1999), 86 Ohio St.3d 151, 712 N.E.2d 729. As long as a party is given an opportunity to explain its default and/or correct it, notice may be implied even though the trial court did not give an express notice of its intention to dismiss the complaint with prejudice. Id.
 {¶ 7} In this case, Paul filed a motion for contempt and sanctions which included a request for dismissal of the complaint. The trial court itself did not issue any notice that it would dismiss the claim with prejudice. However, Robert had three weeks to comply with the discovery prior to the hearing. The trial court held a hearing on the motion where Robert was presented with the opportunity to explain his default. Thus, Robert was not prejudiced by the lack of express notice from the trial court. Under the circumstances of this case, the trial court's ruling was not unreasonable. The assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment Affirmed.
 Shaw and Rogers, J.J., concur.
[1] No transcript of the hearing was filed in this appeal.